*650 MEMORANDUM **
James Oliver, a California prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court’s dismissal under 28 U.S.C. § 1915A. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000). We reverse and remand.
The district court concluded that Oliver’s amended complaint failed to state a claim for inadequate medical care because Oliver failed to allege acts or omissions evidencing defendants knew of and disregarded his serious medical needs. However, Oliver’s complaint alleged "that Doctor Choo at Richard J. Donovan Correctional Facility had scheduled surgery to repair the injury, but that he was transferred to California State Prison at Solano (“CSP Solano”) before the surgery took place. Oliver’s complaint also alleged that he notified doctors and prison officials at CSP Solano that he had a torn and detached biceps muscle which had not yet been repaired. Oliver further alleged that Doctors Noriega and Mahmoud were deliberately indifferent to his serious medical need because they failed to complete the proper paperwork or complete any followup on the recommended orthopedic consult while he continued to suffer in extreme pain. In Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (explaining that a prisoner can establish prison officials were deliberately indifferent by showing a failure to respond to the prisoner’s pain or possible medical need, that the harm caused by the indifference need not be substantial, but provides additional support for the claim, and that indifference may appear where prison officials deny or delay medical treatment, or by the way in which prison physicians provide medical care).
Oliver also alleged that Doctors Thor and Solomon were deliberately indifferent when they denied his grievance appeal based on an eight to ten month delay for orthopedic services and because “the scheduling of contract providers was beyond the authority of CSP staff.” Deliberate indifference may be found where prison officials fail to provide an inmate with medical care for reasons unrelated to the medical needs of the prisoner, such as administrative concerns. Id. at 1097.
Accepting Oliver’s allegations as true and construing the pro se complaint liberally, we cannot say at this early stage in the proceedings that Oliver fails to state a claim for deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (stating that a pro se complaint will be liberally construed and will be dismissed only if it appears “beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.”). Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.